IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PRISCILIANO HERNANDEZ LINAR, *individually and on behalf of others similarly situated*,

    Plaintiff,

-against-

EL VALLE 794 REST., CORP. (D/B/A EL VALLE) SOUTHERN BLVD'S CAFÉ CORP. (D/B/A EL VALLE), YRENO CEDANO, ANA CEDANO, and KEVI COMAS,

    Defendants.

**Case No.1:22-cv-03102 (JMF)**

# MEMORANDUM OF LAW
# IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Defendants El Valle 794 Rest., Corp. (d/b/a El Valle) Southern Blvd's Café Corp. (d/b/a El Valle), Yreno Cedano, Ana Cedano, and Kevi Comas (collectively, "Defendants") respectfully submit this memorandum of law in support of their motion to dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## PRELIMINARY STATEMENT

Plaintiff commenced this action seeking damages against the Defendants for their alleged violations pursuant to the Fair Labor Standards Act (FLSA) and the New York Labor Law (NYLL). For the reasons stated below, mainly that Defendants have all of the records that contradict all of the Plaintiff's allegations, Defendants believe that Plaintiff is misguided in his current quest.

To be sure, the true facts as documented are so far from Plaintiff's allegations as to call in question whether this case should have been commenced in the first place.

## STATEMENT OF FACTS

Plaintiff's complaint alleges that Plaintiff was employed by "Defendants at El Valle from approximately 2014 until on or about December 31, 2021." Comp. ¶13[1]. During that time Plaintiff was employed as a cook. Comp. ¶ 4.

At all times relevant to his complaint, Plaintiff alleges that he "worked in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked." Comp. ¶5. He goes on to allege that "Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff [] appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium." Comp. ¶ 6.

Plaintiff further claims that "Defendants maintained a policy and practice of requiring Plaintiff [] and other employees to work in excess of 40 hours per week without providing the minimum wage and overtime compensation required by federal and state law." Comp. ¶8. As a result Plaintiff now purports to bring "this action on behalf of himself, and others similarly situated individuals, for unpaid minimum and overtime wages pursuant to the [FLSA] and for violations of the [NYLL], including applicable liquidated damages, interest, attorneys' fees and costs." Comp. ¶9.

Defendants position is simply that Plaintiff's version of the facts are 100% inaccurate and are hereby attaching all of the records in their possession, including time and pay records and wages notices, for the entire relevant period. Ex. 1 & 2[2].

---

[1] References to "Comp. ¶___" refers to the paragraphs in Plaintiff's Complaint in this action (Document No. 1 on the Docket) filed on April 14, 2022.
[2] References to "Ex. __" refer to the exhibits attached to the Declaration of Martin E. Restituyo in support of the instant motion to dismiss.

## ARGUMENT

### I. PLEADING STANDARD

To survive a motion to dismiss under Rule 12(b)(6) plaintiffs must plead enough facts to "to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although factual allegations are assumed to be true, they must still be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The plausibility standard requires more than a showing of "sheer possibility that the defendant has acted unlawfully" and requires a plaintiff to make "more than an unadorned, the-defendant-unlawfully-harmed-me accusation . . . devoid of 'further factual enhancement.'" *Id.* (alteration in original) (quoting *Twombly*, 550 U.S. at 557). To meet this standard, a plaintiff must plead sufficient factual content to allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Pleadings that contain "no more than conclusions…are not entitled to the assumption of truth" otherwise applicable to complaints in the context of motions to dismiss. *Id.* at 679.

### II. PLAINTIFF's FEDERAL MINIMUM WAGE AND THE NEW YORK STATE MINIMUM WAGE CLAIMS MUST BE DISMISSED

An employee who brings an action under the FLSA or the NYLL for unpaid wages must prove that he performed the work and was not compensated properly for his time. *Teofilo v. Real Thai Cuisine Inc.*, 18 Civ. 7238 (KPF), at *5-6 (S.D.N.Y. Jan. 4, 2021) (*citing Grochowski v. Phoenix Constr.*, 318 F.3d 80, 87 (2d Cir. 2003) "An employee discharges his burden at this first step if he ... can prove that [he] 'in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of

just and reasonable inference." *Teofilo v. Real Thai Cuisine Inc.*, 18 Civ. 7238 (KPF), at *6 (internal quotations omitted). If the employee does this, ""The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Hernandez v. Jrpac Inc.*, 14 Civ. 4176 (PAE), at *55 (S.D.N.Y. June 9, 2016) (*citing Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946)). It is axiomatic that an employer's properly maintained records may serve as a rebuttal to an employee's allegations and a defense to all of his claims. *See* 29 U.S.C. § 211(c), NYLL § 661.

In his complaint Plaintiff alleges that Defendants failed to pay him at the minimum wage rate for all hours worked under 40 during his entire period of employment. For the removal of doubt, the Federal minimum wage rate during the period of 2016 through present is $7.25 per hour. 29 U.S.C. § 206(1). During the same period the minimum wage for large employers (those with more than 11 employees) in New York City was as follows:

$9.00 per hours on or after December 31, 2015

$11.00 per hour on and after December 31, 2016;

$13.00 per hour on and after December 31, 2017;

$15.00 per hour on and after December 31, 2018.

*See* https://dol.ny.gov/history-minimum-wage-new-york-state; *see also* NYLL § 652(1)

Here Defendants have provided all of the Plaintiff's time cards from the period of January 4, 2016 through December 31, 2021 (the "Relevant Period"). See Ex. 2. As detailed in each time card, during the Relevant Period all of Plaintiff's hours and wages were properly tracked. *See id.* The records clearly show that Plaintiff was paid per hour at the then current New York City minimum wage rate.

Since the New York City minimum wage rate has always been above the Federal Minimum Wage Rate, Plaintiff cannot possibly establish an FLSA violation for failure to receive the Federal Minimum Wage Rate. Moreover, since the Defendants properly maintained records that clearly establish that Plaintiff was paid at least the NYC minimum wage for all hours worked under 40, his NYLL claim for minimum wage must also fail.

Thus, for the reasons stated herein, Plaintiff's minimum wage claims must be dismissed.

### III. PLAINTIFF's FEDERAL OVERTIME AND THE NEW YORK STATE OVERTRIME CLAIMS MUST BE DISMISSED

29 U.S.C. § 207(1) establishes 40 hours as number of hours in a regular workweek and mandates that no employer shall require any employee to work in excess of those hours unless that employee is paid "at a rate not less than one and one-half times the regular rate at which he is employed." The New York Labor Law has a similar mandate. *See* NYLL § 190 *et seq*.

Plaintiff here claims the during the entire period of his employment Defendants maintained a practice of requiring him to work in excess of 40 hours without paying him at the required rate for those hours. Comp. ¶8. Defendants maintain that Plaintiff's allegations are inaccurate and direct the Court to the Plaintiff's 270 weekly time cards all which indicate the exact number of hours worked by the Plaintiff each week and the exact amount of Pay received by the Plaintiff on each of those weeks. Ex. 2. A detailed review of each time card will leave the Court with no doubt that the Plaintiff was properly paid at the rate of one and half times his proper rate of pay for all hours worked above 40, in each week that he so worked. In further support of their position, Defendants implore the Court to note Plaintiff's signature on each of the 270 cards indicating confirmation of the information on the cards and acknowledging that he was paid in accordance with the information therein.

Thus, for the reasons stated herein, Defendants seek to dismiss Plaintiff's claims alleging

violations of the FLSA and NYLL for failure to properly pay him overtime.

## IV. PLAINTIFF's CLAIM OF RECORD KEEPING VIOLATIONS MUST ALSO BE DISMISSED

Plaintiff's fifth and sixth causes of action allege violations of the NYLL only. Count 5 of Plaintiff's complaint alleges that Defendants failed to provide the Plaintiff with a wage notice, which is required to be provided at employment or during a rate change, that details "the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any 'doing business as' names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer." Comp. ¶¶ 92-94, *See also* NYLL § 195(1).

Count 6 of Plaintiff's complaint alleges violation of the "wage statement" requirement of the NYLL. Comp. ¶¶95-97. This requires employers to provide employees with a statement along with every payment that details, among other things, the dates of work covered by that payment of wages; name of employee; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked. Id; see also NYLL §195(3).

As detailed in Exhibit 2, included with this motion, Defendants provided the Plaintiff with wage notices, on New York State Form LS 54S, at every change in pay rate during his entire period of employment.[3] Equally, and on a weekly basis, Defendants provided the Plaintiff with the details

---
[3] Note we have provided 3 wage notices, the first form March 14, 2015, that predates the relevant period in this case,

of his pay as required by NYLL §195(3). See Ex. 1.

Thus, Plaintiff's claims for record keeping violations pursuant to the New York Labor Laws must be dismissed in their entirety.

**V.  TO THE EXTENT PLAINTIFFS IS FOUND TO HAVE ALLEGED ANY CLAIMS AGAINST DEFENDANTS UNDER NYLL, THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE STATE LAW CLAIMS**

As detailed above, Plaintiff has failed to allege any claims against Defendants. Nevertheless, should the Court determine that Plaintiff has stated a claim under NYLL against Defendants, this Court should decline to exercise supplemental jurisdiction over that claim.

Subject matter jurisdiction in this matter is premised on federal question jurisdiction over Plaintiff's FLSA claims under 28 U.S.C. § 1331, with supplemental jurisdiction over his state law claims pursuant to 28 U.S.C. § 1367. Comp. ¶ 11. A district court "may decline to exercise supplemental jurisdiction over a claim…if…the district court has dismissed all claims over which it has original jurisdiction." 13 U.S.C. § 1367. The decision to exercise supplemental jurisdiction is within the sound discretion of the district court and involves an assessment, at each stage of the case, of the values of judicial economy, convenience, fairness, and comity. *See Lundy*, 711 F.3d at 117-18. "Once all federal claims have been dismissed, the balance of factors will usually point toward a declination." *Id.* at 118.

The Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims because none of the factors listed above counsel in favor of retaining jurisdiction. The litigation is at its earliest stages and the Court and parties have not invested significant resources in litigating or resolving the state law claims. Nor do principles of comity counsel in favor of the

---

then ones from January 4, 2016, and January 15, 2018, as required by each change in pay rate. The Defendants are sure that they do have one for January 2019, when Plaintiff's pay changed to $15 per hour. However because Defendants' recently shut down one of their restaurants and moved their files, they have not yet been able to track that one down.

Court retaining jurisdiction. Courts in these circumstances have routinely declined to exercise supplemental jurisdiction and dismissed state law claims. *Bustillos v. Academy Bus, LLC*, No. 13-cv-565, at *3 (S.D.N.Y. January 13, 2014) *See, e.g., Dreher v. Doherty*, No. 12-cv-3385, 2013 U.S. App. LEXIS 17464, at *1 n.1 (2d Cir. Aug. 21, 2013) (unpublished) (noting district court's dismissal); *Bilyou v. Dutchess Beer Distribs., Inc.*, 300 F.3d 217, 218 n.1 (2d Cir. 2002) (same); *Cromwell*, No. 12-cv-4251, 2013 U.S. Dist. LEXIS 69414, at *11-13 (declining to exercise supplemental jurisdiction over NYLL claims after determining that FLSA claims were not adequately pleaded); *Yang Li v. Ya Yi Cheng*, No. 10-cv-4664, 2012 U.S. Dist. LEXIS 40241, at *16 (E.D.N.Y. Jan. 9, 2012) (noting that Second Circuit courts routinely decline supplemental jurisdiction in these circumstances).

## VI.  AMENDING THE COMPLAINT WOULD BE FUTILE

As detailed herein, all of the allegations made in Plaintiff's complaint are directly controverted by Defendants duly maintained business records. Thus, any attempt by the Plaintiff to salvage this case by attempting to amend his complaint would be futile.

Thus, for the reasons stated herein, Defendants respectfully request that Plaintiff's complaint be dismissed with prejudice in its entirety.

## CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff's FLSA and NYLL claims against all of the Defendants in their entirety, with prejudice, and grant any and all further relief as may be just and proper.

Dated: New York, New York
      June 15, 2022

_____
Martin E. Restituyo, Esq.
Law Offices of Martin E. Restituyo, P.C.
1325 Avenue of the Americas, 28th Floor
New York, New York 10019
Tel. 212-729-7900
restituyo@restituyolaw.com

*Counsel for All Defendants*