UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
:
PRISCILIANO HERNANDEZ LINAR, :
:
Plaintiff, :
: 22-CV-3102 (JMF)
-v- :
: MEMORANDUM OPINION
EL VALLE 794 REST., CORP. et al., : AND ORDER
:
Defendants. :
:
---------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      On June 15, 2022, Defendants moved to dismiss the Complaint on the ground that "Plaintiff's version of the facts are 100% inaccurate," pointing to "time and pay records and wage notices, for the entire relevant period." *See* ECF No. 27, at 2.  A Court considering a motion to dismiss, however, is limited to "the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint," as well as any documents which the complaint relies upon so heavily that they are "integral to the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).  Defendants' motion to dismiss is based entirely on documents and other extrinsic evidence that the Court may not consider at the motion to dismiss stage.  Accordingly, the motion is DENIED as frivolous.

      That said, the Court urges Plaintiff to review the purported evidence submitted by Defendants to ensure that the claims that Plaintiff is pursuing have merit.  The Court has not reviewed the purported evidence and intimates no views on the merits of Plaintiff's claims at this time, but it notes that continued pursuit of plainly meritless claims can result in sanctions.  *See, e.g.*, *Galin v. Hamada*, 283 F. Supp. 3d 189, 203-04 (S.D.N.Y. 2017) (Furman, J.) (imposing Rule 11 sanctions where Plaintiff, at the end of fact discovery, "knew . . . that their allegations on the central (and dispositive) issue in the case were 'utterly lacking in support'" but nevertheless continued litigation (citing cases)), *aff'd*, 753 F. App'x 3 (2d Cir. 2018).

      Defendants shall answer the Complaint within **two weeks of the date of this Memorandum Opinion and Order** and the parties shall comply with all of the deadlines in the Court's prior Order of April 15, 2022, *see* ECF No. 12, including scheduling a settlement conference with Magistrate Judge Netburn.  The initial pretrial conference, scheduled for June 28, 2022, is rescheduled to **July 12, 2022** at **4:30 p.m.**

      SO ORDERED.

Dated: June 21, 2022
       New York, New York

                                          JESSE M. FURMAN
                                          United States District Judge